UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14052-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID SHELBY MARTIN,

    Defendant.
_____/

```
FILED by ___ D.C.

DEC - 8 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE
```

## REPORT AND RECOMMENDATION ON NOTICE OF PARTIES' STIPULATIONS AND JOINT RECOMMENDATION AS TO RESTITUTION [D.E. #43]

**THIS CAUSE** having come on to be heard upon an Order of Reference from the District Court to conduct a restitution hearing in respect to the above styled case, and this Court having set the evidentiary hearing for December 8, 2010 and having reviewed the Notice Of Parties' Stipulations And Joint Recommendation As To Restitution [D.E. #43], this Court makes the following recommendations to the District Court:

    1.    At the outset of the Restitution Hearing, AUSA Acosta as counsel for the government announced that even though the parties have entered into a stipulation as to the only known victim, that there may be other victims for which the national database is still searching. AUSA Acosta stated that because of the large number of pictures/videos in this case, the national database has not completed its review to determine if there are any victims other than that victim named in the Joint Stipulation entered into by the government and the Defendant in this case. Ms. Acosta requested an additional three weeks within which she hoped that the search by the national database in Washington, D.C. would be complete.

2. This Court stated that it would not continue the hearing for three weeks. This Court pointed out that when a prosecution such as this is initiated, the government is aware that there are possible victims to these crimes. It is at that time that the search should begin so that the government, the Defendant, and counsel for the Defendant have all of the information concerning all possible victims well prior to trial. At the very least, all victims should be identified no later than before sentencing so that the District Court, the Defendant and counsel for the parties have that information at sentencing. Subsequent to the original sentencing hearing, a separate restitution hearing can then be conducted to determine any restitution to be included in the District Court's Amended Judgment and Conviction as has been referred to this Court herein.

3. This Court points out that this case was initiated by a Complaint on May 14, 2010 which resulted in an Indictment returned by the Grand Jury on May 27, 2010. Thereafter, the parties entered into a plea agreement and the Defendant entered his plea of guilty before the undersigned United States Magistrate Judge on July 6, 2010. The Defendant was sentenced by Judge Graham on October 22, 2010. The point which this Court stresses is that there has been more than ample opportunity, from the initiation of the prosecution of this case close to seven months ago to date, to make a final determination of what victims, if any, are identified in this case. This Court fully understands that there are many cases such as this throughout the nation which are being searched through these databases. However, if the government is going to seek restitution, this Court's position is that all of the information concerning any possible victims who are entitled to restitution should be available to all parties involved prior to trial or at the very least prior to sentencing.

4. The applicable statutory provision in this matter is found in Title 18, United States Code, Section 3664(d)(5), which requires that the District Court shall set a date for

the final determination of the victims' losses for restitution not to exceed ninety (90) days after sentencing. This would require Judge Graham to make a final determination of restitution on or before January 20, 2011.

5. Judge Graham referred this matter to the undersigned United States Magistrate Judge for a Restitution Hearing and report and recommendation pursuant to an Order of Reference dated October 26, 2010. That Order required this Court to conduct a hearing and issue its Report and Recommendation within seventy-five (75) days or no later than January 9, 2011.

6. Pursuant to that Order of Reference, this Court issued an Order on November 8, 2010, setting this Restitution Hearing for December 8, 2010. Therefore, the parties were well aware of the deadlines and time constraints imposed for a determination of restitution. There is no assurance that a three week continuance will result in any further information being provided.

7. This Court denied the government's ore tenus request for a continuation of three weeks based upon the fact that this Court is not satisfied that continuing the Restitution Hearing three weeks is justified in light of the fact that the government has been prosecuting this matter for close to seven months. Since the time that the Defendant entered his plea of guilty on July 6, 2010 some five months ago, the government has been aware that there were possible victims who may be entitled to restitution and for which the government would seek restitution. This Court fully understands that the database search being conducted in Washington, D.C. is not being done by the United States Attorney's Office here in this Division. However, this Court reiterates its position that any information concerning known victims for whom restitution may be sought should be made available to the District Court and all parties involved no later than the time of original sentencing should any victims wish to address the District Court prior to sentence being imposed. This

Court views the victim's right to address the District Court at sentencing as separate from the victim's right to be heard as to any restitution issue at a later hearing. The national database searches should be prioritized to accomplish this and make certain all searches are completed by the deadlines imposed by the Court.

8.     This Court did advise AUSA Acosta on the record that should further victims be identified there are statutory provisions which permit the government to file a motion for an amended restitution order. Therefore, the government is not prejudiced by this Court's denial of a continuance of the Restitution Hearing as set by this Court. Any additional information would then be reviewed by Judge Graham in this case and a determination made as to whether or not further restitution hearings are necessary. However, at this time, this Court finds no justifiable reason to continue the Restitution Hearing. The parties have entered into a Joint Stipulation and this matter shall proceed as previously set by this Court. This Court will now review for the District Court the Notice Of Parties' Stipulations And Joint Recommendation As To Restitution [D.E. #43] which has been entered into by the parties in this case as to the only known victim who has been identified thus far.

9.     The Notice Of Parties' Stipulations And Joint Recommendation As To Restitution [D.E. #43] has been filed by the parties. At the hearing on December 8, 2010, counsel for the Defendant stated that he has reviewed the Notice [D.E. #43] with the Defendant in its entirety and that the Defendant agrees to all of the findings and stipulations set forth in that Notice. This Court questioned the Defendant at the hearing and he confirmed that he has reviewed all of the matters set forth in the Notice Of Parties' Stipulations And Joint Recommendation As To Restitution [D.E. #43] and agrees with the findings, facts and stipulations set forth therein.

10.    The Notice [D.E. #43] calls for the Defendant to pay restitution in the amount of $3,500. The parties propose that an order be entered by Judge Graham setting forth

the substance of the parties' stipulations and assess the amount of $3,500 as to this Defendant. The Defendant has previously been sentenced by Judge Graham on October 22, 2010 and the matter of restitution was referred to this Court for a hearing.

11. The parties have also submitted a proposed Joint Restitution Order. At the hearing on December 8, 2010, counsel for the Defendant stated on the record that he has reviewed the proposed Joint Restitution Order with the Defendant and that the Defendant agrees to all of the provisions of that proposed Order. This Court questioned the Defendant on the record concerning the proposed Order and he confirmed that he has reviewed it in detail with his attorney and agrees to the amount of $3,500 in restitution to be paid pursuant to the specific provisions of the Order.

12. This Court has attached a copy of the proposed Joint Restitution Order to this Report and Recommendation as Exhibit 'A'. Based upon the stipulations of the parties as set forth in the Notice [D.E. #43], the statements made at the hearing on December 8, 2010, and the Defendant having confirmed on the record his agreement to the settlement of all restitution issues as set forth in the Notice [D.E. #43] and proposed Order, this Court will recommend that the District Court enter the proposed Order, Exhibit 'A'.

**ACCORDINGLY**, this Court recommends to the District Court that based upon the parties' agreements and stipulations, that the proposed Joint Restitution Order, Exhibit 'A', be entered by the District Court as a final determination of all issues concerning restitution in this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _8th_ day of December, 2010, at Ft. Pierce, Northern Division of the Southern District of Florida.

                                                             _____
                                                             FRANK J. LYNCH, JR.
                                                             UNITED STATES MAGISTRATE JUDGE

cc:
Hon. Donald L. Graham
AUSA Diana Acosta
Jonathan Jay Kirschner, Esq.
U. S. Probation
Clerk of Court (Financial Division)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14052-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

DAVID SHELBY MARTIN,

                Defendant.
_____/

## JOINT RESTITUTION ORDER

Pursuant to the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994 (VAWA), codified in Title 18, United States Code §2259, and based on the stipulations of the parties, the Court finds that "Vicky" is a victim who has been harmed by the defendant's offense conduct in this case and orders that the defendant, David Shelby Martin, be held jointly and severally liable for restitution to "Vicky" **for her losses,** but that the defendant is to pay only an apportioned amount of **those losses** in the amount of $3,500.00 to "Vicky" in full, and due immediately. In support of its order the Court finds as follows:

The mandatory restitution section of the Violence Against Women Act of 1994 ("VAWA") codified at Title 18, United States Code, Section 2259, requires the Court to impose restitution for any offense under Chapter 110. The offense for which the defendant was convicted, namely, Receipt of Child Pornography, in violation of Title 18, United States Code §2252(a)(2), is an offense codified in Chapter 110 and is an offense that is subject to the Mandatory Restitution for Sex Crimes section of the VAWA, under Title 18, United States Code §2259.

Furthermore, Title 18, United States Code, §2259(c) defines a "victim" as an individual "harmed as a result of a commission of a crime" under Chapter 110, including a victim who is under eighteen (18) years of age, incompetent, incapacitated or deceased, the legal guardian of the victim or representative of the victim's estates. Restitution, pursuant to Title 18, United States Code, §2259, is available to victims who are harmed as a proximate result of a Chapter 110 offense.

Defendants convicted of Chapter 110 offenses must compensate for the "full amount of the victim's losses," including:

(A)  medical services relating to physical, psychiatric, or psychological care;
(B)  physical and occupational therapy or rehabilitation;
(C)  necessary transportation, temporary housing, and child care expenses;
(D)  lost income;
(E)  attorney's fees, as well as other costs incurred; and
(F)  any other losses suffered by the victim a proximate result of the offense.

18 U.S.C. §2259(b) (2).

Title 18, United States Code, §3664 (h), which is incorporated by Title 18, United States Code, §2259(b) (2), allows the court to apportion liability among defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

There is no dispute that the defendant received and possessed on his computer images of child pornography that depicted "Vicky" being sexually abused when she was approximately nine or ten years old.

There *is* no dispute that "Vicky" *is* a victim based upon the PreSentence Investigation Report, victim impact statements, a forensic psychological evaluation report of "Vicky", and statements of counsel. There *is* no dispute that harm was caused to "Vicky" by persons who possess, disseminate or

share the images of "Vicky" being sexually abused as a child. Specifically, the Court finds that "Vicky's" knowledge that images of her abuse were being disseminated and possessed by others caused "Vicky" to be re-victimized and has resulted in harm that *is* distinct from that suffered from the actual physical sexual abuse she sustained as a child. Accordingly, the Court finds that "Vicky" was harmed as a result of the criminal conduct (receipt of child pornography) engaged in by the defendant, David Shelby Martin.

There *is* no dispute that other individuals have been charged and convicted in multiple Districts with possessing, receiving, and/or disseminating child pornography wherein "Vicky" *is* a victim. There *is* no dispute that the full amount of losses caused to "Vicky" as a result of the production, dissemination, receipt and/or possession of images from the "Vicky" series of child pornography by other defendants and David Shelby Martin's conduct in receiving and possessing images from the "Vicky" series, include: (a) $108,975.00 in future counseling expenses; (b) $147,830.00 in vocationally related losses; (c) $37,874.86 for the cost of her forensic psychological evaluation, supporting records and travel; (d) $203,140.00 in attorneys fees; and (e) $722,511.00 in lost earnings, for a gross total of $1,220,330.86. To date, "Vicky" has received $149,167.03 in restitution payments and thus the net amount of restitution owed is $1,072,263.83.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

The total loss to "Vicky" *is* $1,072,263.83, including: (a) $108,975.00 in future counseling expenses; (b) $147,830.00 in vocationally related losses; (c) $37,874.86 for the cost of her forensic psychological evaluation, supporting records and travel; (d) $203,140.00 in attorneys fees; and (e) $722,511.00 in lost earnings. The defendant, David Shelby Martin, is liable for a portion of that total loss caused to "Vicky."

The defendant, David Shelby Martin, is liable for $3,500.00. in restitution to "Vicky" based

upon an apportionment of the total amount of restitution due to "Vicky." Defendant shall pay the $3,500.00. in restitution immediately. The Clerk of Courts is directed to open a liability file as to David Shelby Martin in the amount of only $3,500.00. The Clerk is further directed that David Shelby Martin's liability will be satisfied upon payment of the $3,500.00.

In addition, it is **FURTHER ORDERED AND ADJUDGED** that during the period of incarceration: (1) if the defendant, David Shelby Martin, earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Restitution Order; or (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25 per quarter toward the financial obligations in this Order.

Upon release from incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule. **These payments do not preclude the government from using other assets or income of the defendant to satisfy his restitution obligation.**

The assessment and restitution are payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for enforcement of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, Miami-Dade County, Florida on this _____ day of December, 2010.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE